IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) **FEDERAL NATIONAL MORTGAGE ASSOCIATION,**<br><br>**Plaintiff,**<br><br>v.<br><br>(1) **CITYR GROUP AT VISTA SHADOW LLC, a Delaware limited liability company**<br><br>and<br><br>(2) **MICHAEL SABO, an individual,**<br><br>**Defendants.** | Case No. 22-cv-00494-GKF-JFJ<br><br>(Tulsa County District Court<br>Case No: CJ-2022-1513<br>Judge Caroline Wall) |

### DEFENDANT MICHAEL SABO'S ANSWER

Defendant, Michael Sabo ("**Defendant**"), for his answer to the Petition for Breach of Promissory Note and Foreclosure of Mortgage filed with this Court on September 20, 2022 ("**Petition**"), by Plaintiff Federal National Mortgage Association ("**Plaintiff**"), hereby denies each and every allegation contained therein except as specifically admitted below and further pleads and states as follows:

1. Paragraph 1 of the Petition does not require a response as it contains only legal conclusions with citations to statutes, which speak for themselves, and Plaintiff's summary of those same statutes, including but not limited to the fact that 12 U.S.C. § 1717(a)(2)(B) provides that Plaintiff is a citizen of the District of Columbia for purposes of jurisdiction. To the extent a response is required, Defendant denies any allegations set forth in Paragraph 1 of the Petition.

2. Paragraph 2 of the Petition does not require a response as it contains a legal conclusion with a corresponding citation to a statute. To the extent a response is required, Defendant denies any allegations set forth in Paragraph 2 of the Petition.

3. Admitted.

4. Denied.

5. Denied in part. While Defendant admits that this action tangentially relates to the Apartments, this action directly and primarily relates to the Loan Agreement, subsequent amendments thereto, and an insurance dispute that resulted from damage to the Apartments.

6. Admitted.

## **FACTUAL BACKGROUND**

7. Defendant admits it entered into the Loan Agreement—a copy of which appears to be attached to the Petition as Exhibit B—the terms of which speak for itself; Defendant demands strict proof that Plaintiff is holder of the original Loan Agreement. *See generally, e.g. Wells Fargo Bank, N.A. v. Heath*, 2012 OK 54, 280 P.3d 328.

8. Defendant admits it executed the Security Instrument—a copy of which appears to be attached to the Petition as Exhibit C—the terms of which speak for itself. The rest of Paragraph 8 does not require a response, but to the extent a response is required as a result of allegations against Defendant, the same is denied.

9. A copy of what appears to be the Assignment is attached to the Petition as Exhibit D—the terms of which speak for itself. The rest of Paragraph 9 does not require a response, but to the extent a response is required as a result of allegations against Defendant, the same is denied.

10. A copy of what appears to be the Guarantee is attached to the Petition as Exhibit E—the terms of which speak for itself. The remainder of Paragraph 10 is denied.

11. Denied.

12. Admitted.

13. Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 13 of the Petition. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 13 of the Petition.

14. Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 14 of the Petition. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 14 of the Petition.

15. Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 15 of the Petition. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 15 of the Petition.

16. Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 16 of the Petition. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 16 of the Petition.

17. Defendant admits that the winter ice storm in February 2021 caused significant damage to the Apartments and that Defendant submitted an insurance claim in connection with that same damage. Defendant denies the remaining allegations set forth in Paragraph 17 of the Petition.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

**First Cause of Action**

28. No response is necessary for paragraph 28. To the extent a response is necessary, the same is denied.

29. Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 29 of the Petition. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 29 of the Petition. Defendant demands strict proof that Plaintiff is holder of the Loan Agreement.

30. Denied.

31. Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 31 of the Petition. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 31 of the Petition.

32. Denied.

33. Denied.

Defendant denies Plaintiff is owed the relief Plaintiff requests in the "WHEREFORE" paragraph at page 7 of the Petition.

**Second Cause of Action**

34. Admitted.

35. Admitted.

36. Denied.

37. Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 37 of the Petition. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 37 of the Petition. Defendant demands strict proof that Plaintiff is holder of the Loan Agreement and is, therefore, entitled to enforce the Mortgage.

Defendant denies Plaintiff is owed the relief Plaintiff requests in the "WHEREFORE" paragraph at page 8 of the Petition.

## CONCLUSION

Defendant denies Plaintiff is entitled to any damages whatsoever from Defendant.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Petition fails to state a claim upon which relief can be granted.

2. Plaintiff does not have standing to pursue the claims set forth in the Petition.

3. Plaintiff's claims are barred by the applicable statute of limitations.

4. Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or laches.

5. Plaintiff failed to mitigate its damages.

6. Plaintiff failed to join necessary parties.

7. Accord and satisfaction.

8. Payment.

9. The damages sought by Plaintiff are contrary to Oklahoma law.

10. Defendant reserves the right to assert additional defenses as well as any necessary counterclaims or third party actions that may be appropriate as discovery is conducted and this case progresses.

WHEREFORE, Defendant, Michael Sabo, prays that judgment be entered in its favor and against Plaintiff, and that Defendant be awarded its attorney fees and costs pursuant to Oklahoma law, and further requests any other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

Tami J. Hines, OBA # 32014
Alyssa M. Gillette, OBA #33891
100 North Broadway, Suite 2900
Oklahoma City, OK 73102-8865
Telephone (405) 553-2828
Facsimile (405) 553-2855
thines@hallestill.com
agillette@hallestill.com

-and-

*/s/ Lauren M. Marciano*
Jerrick L. Irby, OBA #30876
Lauren Marciano, OBA #32454
320 South Boston, Suite 200
Tulsa, OK 74103-3706
Telephone (918) 594-0400
Facsimile (918) 594-0505
jirby@hallestill.com
lmarciano@hallestill.com

**ATTORNEYS FOR CITYR GROUP AT VISTA SHADOW LLC AND MICHAEL SABO**

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of November, 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing to all ECF registrants.

I hereby further certify that on the 18th day of November, 2022, a true and correct copy of the above and foregoing instrument was placed in the United States mail, first class, postage prepaid, to the following:

Christopher Scaperlanda
Ross Plourde
McAfee & Taft
8th Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, OK 73120
Christopher.scaperlanda@mcafeetaft.com
Ross.plourde@mcafeetaft.com

Charles Greenough
McAfee & Taft
Two West Second Street, Suite 1100
Tulsa, OK 74103
Charles.greenough@mcafeetaft.com

*/s/ Lauren M. Marciano*
Lauren M. Marciano